IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01264-CMA
Criminal Case No. 14-cr-00327-CMA

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

DERRICK ANTHONY SANDOVAL,

    Defendant-Movant.

## ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION

This matter is before the Court on Derrick Anthony Sandoval's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Doc. # 104.) For the reasons discussed below, the motion is denied.

### I.     BACKGROUND

On December 3, 2014, a jury convicted Mr. Sandoval of: (1) possession of firearms and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1); (2) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (3) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A); and (4) possession of body armor by a violent felon in violation of 18 U.S.C. § 931. (Doc. # 55.) Mr. Sandoval appealed his conviction on August 27, 2015, and the Tenth Circuit affirmed Mr. Sandoval's conviction on March

3, 2017. (Doc. # 102.) On May 23, 2018, proceeding *pro se*, Mr. Sandoval timely filed this 28 U.S.C. § 2255 habeas petition, wherein he asserts nine claims for relief arising from an overall allegation that his attorney, R. Scott Reisch, provided ineffective assistance of counsel. (Doc. # 104 at 4–6C.)

## II. *PRO SE* STANDARD OF REVIEW

Mr. Sandoval is proceeding *pro se*, therefore, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Indeed, "[i]t is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [movant's] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [movant] in the absence of any discussion of those issues."). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

### III. DISCUSSION: INEFFECTIVE ASSISTANCE OF COUNSEL

### A. LEGAL STANDARD

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel" and has set forth two factors to assess whether a particular counsel's representation was constitutionally ineffective. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984).

First, Mr. Sandoval must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. This is no easy proposition, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Otherwise, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002). Further, Mr. Sandoval "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 164 (1955)). A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

Second, Mr. Sandoval must identify acts or omissions made by the attorney that resulted in prejudice to him. *Id.* A defendant is prejudiced when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694. "The proper focus is on whether counsel's ineffectiveness rendered the proceedings fundamentally unfair or unreliable." *LaFevers v. Gibson*, 182 F.3d 705, 724 (10th Cir. 1999) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369–73 (1993)).

**B.   ANALYSIS**

To support his § 2255 claim of ineffective assistance, Mr. Sandoval asserts his trial counsel failed to: (1) object regarding whether fleeing and eluding was a valid predicate violent crime; (2) object regarding whether conspiracy to commit menacing was a valid predicate violent crime; (3) object regarding whether Mr. Sandoval was a violent offender and subject to an "enhancement" for possession of body armor; (4) allow him to testify in his own defense; (5) object regarding whether his prior drug offense was serious; (6) present the rule of lenity; (7) defend him by agreeing with the prosecution that Mr. Sandoval is a career criminal; (8) investigate his "background"; and (9) preserve his due process rights. (Doc. # 104 at 4–6C.)

While Mr. Sandoval makes a general argument for ineffective assistance of counsel, some of his claims fail to show how his counsel acted unreasonably, other claims fail to show prejudice, and three claims are procedurally defaulted from consideration. The Court considers each claim in its appropriate section below.

1. First Prong of the *Strickland* Test – Reasonableness

The Court finds that in in Claims 1–3 and 5–8, Mr. Sandoval has not met the first component of the *Strickland* test—that his counsel's representation fell below an objective standard of reasonableness.

4

Most of Mr. Sandoval's allegations challenge his counsel's strategic trial decisions. The decision of which witnesses to interview or subpoena, what pre-trial motions to file, when to object during a court proceeding, and what legal arguments to raise at sentencing are quintessentially matters of strategy for the trial attorney. *DeLozier v. Sirmons*, 531 F.3d 1306, 1323–24 (10th Cir. 2008); *Yarrington v. Davies,* 992 F.2d 1077, 1080 (10th Cir. 1993). An attorney is "entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Harrington v. Richter*, 562 U.S. 86, 107 (2011); *see Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008). A defendant "may prevail on an ineffective assistance claim relating to trial strategy only if he can show counsel's strategy decisions would not be considered sound." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995).

Although displeased with his attorney's performance, Mr. Sandoval does not adequately demonstrate in the following seven claims how his attorney's strategic decisions were objectively unsound.

  *a.*  *Claim 1 – Conspiracy to Commit Vehicular Eluding*

Mr. Sandoval alleges his counsel was ineffective for failing to object to the trial court's determination that Mr. Sandoval's felony conviction for conspiracy to commit vehicular eluding as an offense that qualified him for the armed career criminal enhancement provided in the United States Sentencing Guidelines Manual ("U.S.S.G."), § 4B1.4. (Doc. # 104 at 4.)

5

On February 9, 2015, Mr. Reisch did file an objection to the presentence investigation report, wherein he challenged this qualification. (Doc. # 70 at 4–5.) Following the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015), the probation officer revised Mr. Sandoval's presentence report to omit the armed career criminal enhancement. (Doc. # 72 at 1.) Although the armed career criminal enhancement was omitted, the trial court clarified that Mr. Sandoval still qualified as a career criminal under U.S.S.G. § 4B1.1[1] because he had at least two qualifying prior felony convictions: (1) a crime of violence, such as his convictions for conspiracy to commit vehicular eluding and conspiracy to commit menacing as discussed below, and (2) a controlled substance offense.[2] (Doc. # 94 at 5; Doc. # 71 at 20–21, 22–23.)

The Court agrees with the Government that the trial court properly determined that Mr. Sandoval's prior conviction for conspiracy to commit vehicular fleeing and eluding was a crime of violence. In *United States v. Atkins*, the Tenth Circuit found the "Colorado crime of vehicular eluding constitutes a crime of violence." 379 F. App'x 762, 764 (10th Cir. 2010) (unpublished). Therefore, Mr. Reisch was reasonable to accept the trial court's finding that Mr. Sandoval was a career criminal pursuant to U.S.S.G. § 4B1.1 without further objection.

---

[1] Under § 4B1.1(a), a defendant is a career offender if: (1) he was at least 18 years old at the time of the instant offense of conviction; (2) the instant offense of conviction is a felony crime of violence or a felony controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
[2] The controlled substance offense will be discussed in Claim 5 below.

### b. Claim 2 – Conspiracy to Commit Menacing

Next, Mr. Sandoval asserts his trial counsel was ineffective for failing to object to the use of his prior felony conviction for conspiracy to commit menacing as a violent crime predicate under the career offender guidelines. (Doc. # 104 at 5.) During sentencing, Mr. Sandoval affirmed that he reviewed the presentence report that contained the menacing charge, affirmed that his trial counsel explained the contents of that report to Mr. Sandoval, and affirmed that he understood the contents of the report. (Doc. # 94 at 5.) When the trial court subsequently addressed the career offender classification, Mr. Reisch then agreed that "based upon [Mr. Sandoval's] criminal history," Mr. Sandoval still qualified as a career offender. (*Id*.)

A "crime of violence" may include any offense that "has an element [of] the use, attempted use, or threatened use of physical force against the person of another" and thus includes conspiring to commit qualifying offenses. U.S.S.G. § 4B1.2(a)(1), note 1. Under Colorado law, a person commits the crime of menacing when he "knowingly places or attempts to place another person in fear of imminent serious bodily injury." Colo. Rev. Stat. Ann. § 18-3-206. Mr. Sandoval was convicted for conspiracy to commit menacing after he threatened and pointed a knife at his ex-girlfriend's cousin, which fits the definition of a crime of violence by attempting or threatening to use physical force against another person. (Doc. # 71 at 21.) Thus, Mr. Reisch was reasonable to accept this prior conviction as a crime of violence.

*c.    Claim 3 – Career Criminal and Possession of Body Armor "Enhancement"*

Mr. Sandoval claims Mr. Reisch acted unreasonably when he failed to object to the enhancement to his sentence for possession of body armor.[3] (Doc. # 104 at 6.)

As an initial matter, the Court observes that Mr. Sandoval did not receive an "enhancement" for possession of body armor under the United States Sentencing Guidelines. Instead, Mr. Sandoval was convicted at trial for possession of body armor by a violent felon in violation of 18 U.S.C. § 931. (Doc. # 55 at 2.)

Conviction of a felony that is a crime of violence is a necessary element of Mr. Sandoval's fourth conviction for possession of body armor.[4] In order to avoid the prejudice of the admission of evidence relating to the facts underlying his prior convictions, before his trial, Mr. Sandoval and his attorney persuaded the Government that a stipulation by Mr. Sandoval that he had previously been convicted of a felony that is a crime of violence would be sufficient for the government to meet this element.. (Doc. # 51 at 8.) Mr. Sandoval now disputes this stipulation.[5] *See Old Chief v. United States*, 519 U.S. 172 (1997).

---

[3] Mr. Sandoval also asserts in Claim 3 that his counsel was ineffective for "failing [and] refusing to ledge an objection . . . that [he] was not a violent offender." (Doc. # 104 at 6.) Mr. Sandoval concedes this argument is similar to Claims 1 and 2. (*Id.*) The Court declines to repeat its analysis and addresses only the novel component of Claim 3.

[4] Under 18 U.S.C. § 931(a), a defendant is guilty of possession of body armor by a violent felon if: (1) the defendant has been convicted of a crime of violence; (2) the defendant has purchased, owned, or possessed body armor, (3) the body armor has traveled in interstate or foreign commerce at some point during its existence; and (4) the defendant knew that the item was body armor and the possession must be voluntary and intentional. (Doc. # 51 at 32.)

[5] To the extent Mr. Sandoval's third claim is a challenge to his conviction on Count 4 for possession of body armor, Mr. Sandoval has waived his right to challenge that he had been convicted of a crime of violence at the time of trial. As noted above, Mr. Sandoval stipulated that he had been convicted of a felony that is a crime of violence. (Doc. # 51 at 8.) A stipulation is an agreement between the parties as to facts of the case and is evidence introduced by both

As previously discussed by the Court, Mr. Sandoval's prior convictions of conspiracy to commit vehicular eluding and conspiracy to commit menacing are crimes of violence. Thus, by persuading the government to agree to a simple stipulation that Mr. Sandoval had been convicted of a prior crime of violence, Mr. Reisch acted reasonably because such a stipulation blunted the impact of having multiple crimes and the underlying facts relating to these crimes admitted into evidence.

Mr. Sandoval relies on *Johnson*, 135 S. Ct. 2552, and "*Dimaya v. U.S.*"[6] to support his contention that Mr. Reisch provided ineffective assistance of counsel and that, as a result, he received another conviction and sentence. However, Mr. Sandoval fails to articulate an argument as to why these cases apply to Claims 1, 2, and 3. The Court cannot posit Mr. Sandoval's arguments on his behalf. *Fisher*, 38 F.3d at 1147. Therefore, the Court will not address the application of these cases to Mr. Sandoval's claims.

    d.    *Claims 5 and 7 – Relationship Between Prior Drug Offense and Career Criminal Classification*

Mr. Sandoval has a prior felony conviction for possession with intent to distribute a Schedule II controlled substance. (Doc. # 71 at 22–23.) In his fifth claim, he asserts Mr. Reisch provided ineffective assistance of counsel by failing to object to this prior conviction being classified as a serious drug offense, which then served as a violent

---

parties. See *United States v. Cruz-Rodriguez*, 570 F.3d 1179, 1184 (10th Cir. 2009) (internal citation omitted). A stipulation, by its "very nature signals the intentional relinquishment of any and all rights to challenge the admissibility of the stipulated evidence, [and] is a clear example of waiver if anything is." *Id.* at 1184. Mr. Sandoval did not object to this stipulation at his trial nor did he raise this claim in his direct appeal. (Doc. # 51 at 8.) He further does not provide any evidence that a fundamental miscarriage of justice will occur if this claim is not addressed.
[6] The Court accepts the government's case law citation to *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), as the case posited by Mr. Sandoval. (Doc. # 106 at 8.)

crime predicate for Mr. Sandoval's classification as a career offender. (Doc. # 104 at 6A.) He further argues in his seventh claim that his counsel acted unreasonably when Mr. Reisch agreed that Mr. Sandoval was a career criminal, partially based on the predicate serious drug offense. (Doc. # 104 at 6B).

U.S.S.G. § 4B1.2, which defines terms used in § 4B1.1, states a "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution, or dispensing of a controlled substance . . . with intent to . . . distribute . . . ." Mr. Sandoval's prior drug offense of possession with intent to distribute fits this definition because Mr. Sandoval paid someone to repair his motorcycle with methamphetamine. Mr. Reisch had no legal basis to support an objection to the trial court's determination that Mr. Sandoval's prior drug offense was a serious drug offense and that Mr. Sandoval was properly classified as a career criminal. As such, his failure to object was reasonable.

  *e.* *Claim 6 – Rule of Lenity*

Mr. Sandoval alleges that his trial counsel acted unreasonably when he failed to present the Rule of Lenity as a basis for excluding Mr. Sandoval's prior drug trafficking offense as a predicate for the career offender enhancement. (Doc. # 6A.)

"The rule of lenity applies where a statute is facially ambiguous and resort to the legislative history does not reveal the congressional intent of the language." *United States v. Wilson*, 10 F.3d 734, 736 (10th Cir. 1993) (citing *Ladner v. United States*, 358 U.S. 169 (1958)). "This rule, however, is not to be invoked lightly. It is not applicable

10

unless 'there is a grievous ambiguity or uncertainty in the language and structure of the Act.'" *Id*. (quoting *Chapman v. United States*, 111 S. Ct. 1919, 1926 (1991) (further citations and internal punctuation omitted)). "The rule of lenity may not be invoked to manufacture ambiguity." *United States v. Oxx*, 127 F.3d 1277, 1279 (10th Cir. 1997) (citing *Albernaz v. United States*, 450 U.S. 333, 342 (1981)).

The applicable sentencing definition is not ambiguous. Under U.S.S.G. § 4B1.1(a), "[a] defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." As explained above, U.S.S.G. § 4B1.2 clearly defines a controlled substance offense. "A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses." *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1151 (D. Colo. 2008) (quoting *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir.2006)). It is unambiguously clear that Mr. Sandoval's prior drug offense fits the definition of a controlled substance offense. Therefore, Mr. Reisch acted reasonably when he did not argue the rule of lenity to the court.

    f.    *Claim 8 – Failure to Investigate*

Mr. Sandoval claims Mr. Reisch provided ineffective assistance of counsel by failing to investigate Mr. Sandoval's background. However, Mr. Sandoval does not provide any support or explanation for this claim. (Doc. # 104 at 6B.)

Though defense attorneys have "a duty to investigate in all cases, and to determine whether there is a sufficient factual basis for criminal charges," Mr. Sandoval fails to explain how it is that Mr. Reisch did not meet this duty. *See* CRIMINAL JUSTICE

11

STANDARDS FOR THE DEFENSE FUNCTION STANDARD 4–4.1(A) (AM. BAR. ASSOC. 2018). Therefore, this claim fails.

    2. Second Prong of the *Strickland* Test – Prejudice

Mr. Sandoval has also not established the second prong of the *Strickland* test— that any purported error by his counsel was prejudicial. Mr. Sandoval generally asserts he suffered the prejudice of having an enhanced sentence due to his classification as a career criminal and the failure of his counsel to object to this classification. (Doc. # 104.) As discussed above, the trial court's conclusion that he is a career criminal is sound.

In certain circumstances, prejudice can be presumed if a defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance." *Strickland*, 466 U.S. at 692 (citing *Cuyler v. Sullivan*, 466 U.S. 335, 349–350 (1980)). Mr. Sandoval does not raise either of those contentions here, nor does he provide this Court with any other facts or argument to support the prejudice prong of the *Strickland* test.

    *g.*    Claim 3 – Career Criminal and Possession of Body Armor "Enhancement"

Mr. Sandoval is not prejudiced by stipulating that he was a violent felon for purposes of his body armor conviction. Moreover, Mr. Sandoval is not serving any additional time in prison as a result of this conviction. (Doc. # 75 at 3.) Instead, Mr. Sandoval's sentence for this conviction runs concurrently with his convictions for Counts 1 and 2. (*Id.*)

**C.   PROCEDURAL DEFAULT**

If a defendant does not raise a claim on direct appeal, that claim is generally barred from collateral review unless he can demonstrate "cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (citing *United States v. Hollis*, 552 F.3d 1191, 1193–94 (10th Cir. 2009)); *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

*h.   Claim 4 and 9 – Failure to Testify*

Next, Mr. Sandoval argues that Mr. Reisch was ineffective and violated his substantive and procedural due process rights because he did not allow Mr. Sandoval to testify in his own defense.  (Doc. # 104 at 6,6C.)

"Criminal defendants have a right to testify in their own behalf." *Rock v. Arkansas*, 483 U.S. 44, 44 (1987). "The decision whether to testify [lies] squarely with the defendant; it is not counsel's decision." *Cannon v. Mullin*, 383 F.3d 1152, 1171 (10th Cir. 2004). "A defendant must alert the trial court that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand." *United States v. Webber*, 208 F.3d 545, 550 (6th Cir. 2000). "When a defendant does not alert the trial court of a disagreement [with his counsel regarding his right to testify], waiver of the right to testify may be inferred from the defendant's conduct." *United States v. Williams*, 139 F. App'x 974, 976 (10th Cir. 2005) (quoting *Webber*, 208 F.3d at 550).

13

Although Mr. Sandoval alleges he did not testify because Mr. Reisch threatened to withdraw from his case if he chose to testify, Mr. Sandoval never notified the Court nor the Court of Appeals of this allegation. The Court notes there is nothing in the record to indicate Mr. Sandoval ever raised this issue with the trial court. Moreover, the Court notes that, in his direct appeal in this case, Mr. Sandoval did not raise this issue. (Claim 4 and 9). (Doc # 102.) Mr. Sandoval also fails to adequately address how he has been prejudiced nor does he argue that enforcing a procedural default would lead to a potential miscarriage of justice in his case. Therefore, the Court finds Mr. Sandoval waived his right to assert this claim as a basis for habeas relief.

The Court accordingly finds that Claims 4 and 9 are procedurally defaulted.

### D. CERTIFICATE OF APPEALABILITY

A certificate of appealability is warranted only if petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing may include a demonstration that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

In this case, Mr. Sandoval alleged his substantive and procedural due process rights were violated. (Doc. # 104.) However, Mr. Sandoval failed to argue or present evidence of how and why his rights were violated for all the reasons stated above.

On review of petitioner's motion and the record of this case, the Court concludes that a certificate of appealability is not warranted in this case.

### IV. **CONCLUSION**

Based on the foregoing, Mr. Sandoval's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 104) is DENIED.

DATED: September 18, 2018    BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge